IN THE MATTER OF: MASHANNA NICOLE BLACKBURN, MINOR

No. COA00-414

(Filed 3 April 2001)

**1. Termination of Parental Rights— motion to dismiss—sufficiency of evidence**

The trial court did not err in a termination of parental rights case by denying respondent mother's motion to dismiss at the close of petitioner's evidence under N.C.G.S. § 1A-1, Rule 41(b), because there was substantial evidence of neglect including domestic violence between respondent and her live-in boyfriend, inappropriately leaving the child in the care of others, respondent's illegal drug use and distribution in the presence of the child, an overall history of lawlessness, respondent's repeated incarcerations, and a prior adjudication of neglect.

**2. Termination of Parental Rights— neglect—clear, cogent, and convincing evidence**

The trial court did not err by concluding as a matter of law that grounds existed under N.C.G.S. § 7A-289.32(2) (now N.C.G.S. § 7B-1111(a)) for the termination of respondent mother's parental rights based on neglect, because clear, cogent, and convincing evidence reveals that: (1) the child was not receiving proper care from her parent and at the time of the termination proceeding respondent was still unable to care for her child since she was in prison until January 2003; (2) respondent has been repeatedly incarcerated since 1989; and (3) respondent continually attempted to leave her child in the care of others.

**3. Termination of Parental Rights— best interests of the child—no abuse of discretion**

The trial court did not abuse its discretion in a termination of parental rights case by concluding the alleged repetition of alleged neglect will continue, there is no reasonable hope that respondent mother can correct conditions to appropriately care and provide for the child, and it is in the best interests of the child that her parental rights be terminated, because: (1) respondent has not shown an improvement in her lifestyle; (2) there is no evidence respondent is likely to make appropriate decisions as to her daughter's welfare; and (3) there is nothing upon which the trial court could reasonably base a decision to find it would not be in the child's best interests to terminate parental rights.

Appeal by respondent from judgment entered 15 December 1999 by Judge Edgar B. Gregory in Yadkin County District Court. Heard in the Court of Appeals 11 January 2001.

*N. Lawrence Hudspeth, III for respondent-appellant.*

*Richard N. Randleman for petitioner-appellee.*

*Dennis G. Martin, guardian ad litem for minor.*

THOMAS, Judge.

Respondent, Tammy Carter, mother of Mashanna Blackburn, appeals from an order entered by the trial court terminating her parental rights. For reasons discussed herein, we affirm the trial court.

The facts are as follows: Mashanna was born to respondent on 3 March 1995. On 19 May 1995, petitioner, the Yadkin County Department of Social Services, received a report alleging that Mashanna was neglected. During an interview with petitioner, respondent admitted taking Mashanna to a crack house, dealing illegal drugs, associating with known drug users in the child's presence and even leaving her alone with drug users. She further said she had engaged in prostitution to support her drug habit and that her live-in boyfriend was a drug user who had dealt in illegal drugs. There also was domestic violence between respondent and her boyfriend. As a result, she took part in a child protection plan devised and overseen by petitioner from May to September 1995. Throughout that period, however, respondent maintained custody of Mashanna. The

IN RE BLACKBURN

[142 N.C. App. 607 (2001)]

whereabouts of Mashanna's father, Orrando Blackburn, were unknown.

In March of 1996, respondent was jailed for writing worthless checks and failure to appear in court. A juvenile petition was filed and an order to assume nonsecure custody of Mashanna was entered on 31 March 1996. On 8 April 1996, Mashanna was adjudicated neglected and dependent, custody was placed with petitioner, and the trial court ordered that reasonable efforts be made for reunification after respondent was released from jail. Although respondent was released on 14 May 1996, the child was not returned to her custody from foster care until September 1996.

Respondent was again incarcerated on 14 March 1998 due to a probation violation and later received an active prison sentence of not less than fifty-two nor more than sixty-two months. Also on the fourteenth of March, an order for nonsecure custody of Mashanna was entered. At the time, Mashanna was found to have scabies and continued to suffer from language, socialization, and adaptive behavior delays. The trial court held a continued custody hearing on 16 March 1998, and declared Mashanna abandoned. Appropriate family placement was not available, causing the child to remain in foster care. In subsequent review hearings on 23 March 1998 and 14 September 1998, the trial court determined it was in Mashanna's best interests for custody to remain with petitioner, but that the goal or plan was still reunification with respondent.

In a third review hearing, however, on 8 March 1999, the trial court not only found it was in Mashanna's best interests for custody to remain with petitioner but also that petitioner was relieved of further responsibility to use reasonable efforts for reunification. The court found that petitioner "may pursue" termination of parental rights.

Petitioner filed a petition for termination of parental rights on 31 March 1999. On 15 December 1999, the trial court entered an order terminating respondent's parental rights. From this order, respondent appeals and asserts six assignments of error.

We note that when the petition was filed, Chapter 7A of the N.C. General Statutes governed termination of parental rights and is the controlling authority in the instant case. By the time the case was heard, however, Chapter 7B had been enacted. Among other modifications, references to "child" have been changed to "juvenile" in Chapter 7B.

There is a two-step process in a termination of parental rights proceeding. *In re Montgomery*, 311 N.C. 101, 316 S.E.2d 246 (1984). In the adjudicatory stage, the trial court must find that at least one ground for the termination of parental rights listed in N.C. Gen. Stat. § 7A-289.32 (now codified as section 7B-1111) exists. N.C. Gen. Stat. § 7A-289.30 (1998) (now codified as N.C. Gen. Stat. § 7B-1109). In this stage, the court's decision must be supported by clear, cogent and convincing evidence with the burden of proof on the petitioner. *In re Swisher*, 74 N.C. App. 239, 240, 328 S.E.2d 33, 35 (1985). We note that Chapters 7A and 7B interchangeably use the "clear, cogent and convincing" and the "clear and convincing" standards. It has long been held that these two standards are synonymous. *Montgomery*, 311 N.C. at 109, 316 S.E.2d at 252. Once one or more of the grounds for termination are established, the trial court must proceed to the dispositional stage where the best interests of the child are considered. There, the court shall issue an order terminating the parental rights unless it further determines that the best interests of the child require otherwise. N.C. Gen. Stat. § 7A-289.31(a) (1998) (now codified as section 7B-1110(a)). *See also In re Carr*, 116 N.C. App. 403, 448 S.E.2d 299 (1994).

We first turn to the adjudication.

**[1]** Respondent argues the trial court committed reversible error in denying her motion to dismiss at the close of petitioner's evidence pursuant to Rule 41(b) of the North Carolina Rules of Civil Procedure, alleging that petitioner failed to show a right to relief. We disagree.

A motion to dismiss pursuant to Rule 41(b) will be granted "if the [petitioner] has shown no right to relief or if the [petitioner] has made out a colorable claim but the court nevertheless determines as the trier of fact that the [respondent] is entitled to judgment on the merits." *Hill v. Lassiter*, 135 N.C. App. 515, 517, 520 S.E.2d 797, 800 (1999) (quoting *Ayden Tractors v. Gaskins*, 61 N.C. App. 654, 660, 301 S.E.2d 523, 527, *disc. review denied*, 309 N.C. 319, 307 S.E.2d 162 (1983)). The trial court is able to weigh all evidence before it and make a determination. Here, there was substantial evidence of neglect that included domestic violence between respondent and her live-in boyfriend, inappropriately leaving the child in the care of others, respondent's illegal drug use and distribution in the presence of the child, an overall history of lawlessness, respondent's repeated incarcerations and a prior adjudication of neglect. A prior adjudica-

tion of neglect cannot be the sole basis of a termination proceeding, although it may be relevant evidence. *In re Ballard*, 311 N.C. 708, 713-14, 319 S.E.2d 227, 231 (1984). However, in the instant case, the prior adjudication is not the sole basis. The findings overwhelmingly establish a basis for surviving the motion to dismiss. Respondent has not shown that she is entitled to judgment on the merits at the close of petitioner's evidence. Thus, we find the trial court did not err and respondent's first assignment of error is rejected.

[2] By respondent's second assignment of error, she argues the trial court committed error in concluding as a matter of law, after all of the evidence, that grounds existed for the termination of respondent's parental rights in that Mashanna is a neglected child. We disagree.

N.C. Gen. Stat. § 7A-289.32(2) (now codified as section 7B-1111(a)) delineates nine possible grounds for termination of parental rights. The statute provides

> [t]he court may terminate the parental rights upon a finding of one or more of the following . . . (2) The parent has abused or neglected the child. The child shall be deemed to be . . . neglected if the court finds the child to be . . . a neglected child within the meaning of G.S. 7A-517(21) [now codified as G.S. 7B-101(15)].

A neglected child is

> [a] juvenile who does not receive proper care, supervision, or discipline from the juvenile's parent, guardian, custodian, or caretaker; or who has been abandoned; or who is not provided necessary medical care; or who is not provided necessary remedial care; or who lives in an environment injurious to the juvenile's welfare; or who has been placed for care or adoption in violation of law.

N.C. Gen. Stat. § 7A-517(21) (1998) (now codified as section 7B-101(15)). In determining neglect, the trial judge must find evidence of neglect at the time of the termination proceeding. *Ballard*, 311 N.C. at 716, 319 S.E.2d at 232. In the instant case, the child was not receiving proper care from her parent and, at the time of the termination proceeding, respondent was still unable to care for her child. She conceded that the earliest she would be able to care for Mashanna would be after January of 2003, her scheduled release date.

The trial court's findings of fact will be overturned only if respondent can show a lack of clear, cogent and convincing competent evidence to support the findings. *In re Allen*, 58 N.C. App. 322, 293 S.E.2d 607 (1982). Respondent argues there was insufficient evidence to show neglect because incarceration alone is not sufficient to demonstrate wilful abandonment. *In re Maynor*, 38 N.C. App. 724, 248 S.E.2d 875 (1978). However, respondent's current incarceration alone is not the basis for this finding of neglect. Respondent has repeatedly been incarcerated since 1989. In addition to facts already mentioned, petitioner was summoned to retrieve the child from the home of respondent's friend, Rodney Jarrett, in 1996. Jarrett's mother, who owned the home, alleged that Jarrett was a crack cocaine addict and that neither one of them would continue to care for Mashanna. In 1998, respondent left the child with Betty Palmer, who notified petitioner that she could not continue to care for Mashanna due to personal problems as well as a lack of money and food. Respondent's own mother, Barbara Hutchens, already rearing an older child of respondent's, refused to care for Mashanna.

In considering the circumstances in the aggregate, we find the trial judge did not err in concluding as a matter of law that grounds existed for the termination of parental rights, based on respondent's neglect of Mashanna. Thus, respondent's second assignment of error is rejected.

[3] We shall combine, for our purposes, respondent's third, fourth, fifth and sixth assignments of error. She argues the trial court erred in its conclusions that: 1) the alleged repetition of the alleged neglect will continue; 2) there is no reasonable hope that respondent can correct conditions to appropriately care and provide for the child; and 3) it is in the best interests of the child that her parental rights be terminated. We disagree.

One of the underlying principles guiding the trial court in the dispositional stage is the recognition of the necessity for any child to have a permanent plan of care at the earliest possible age, while at the same time recognizing the need to protect all children from the unnecessary severance of a relationship with biological parents or legal guardians. N.C. Gen. Stat. § 7A-289.22(2) (now codified as section 7B-1100(2)). In all cases where the interests of the child and those of the child's parents or guardians are in conflict, however, action which is in the best interests of the child should be taken. N.C. Gen. Stat. § 7A-289.22(3) (now codified as section 7B-1100(3)).

**IN RE BLACKBURN**

[142 N.C. App. 607 (2001)]

After the trial court has determined grounds exist for termination of parental rights at adjudication, the court is required to issue an order of termination in the dispositional stage, unless it finds the best interests of the child would be to preserve the parent's rights. *In re Parker*, 90 N.C. App. 423, 368 S.E.2d 879 (1988). This would ordinarily create a presumption for the issuance of the termination order once a termination ground has been established. However, a presumption is either rebuttable or conclusive. *Black's Law Dictionary* 1185 (6th ed. 1990). It is not conclusive because the trial judge has discretion. Nor is it rebuttable because it neither affects the burden of production or proof. *Id.* As our Supreme Court noted in *In re Montgomery*, the legislature has properly recognized that in certain situations, even where the grounds for termination could be legally established, the best interests of the child indicate that the family unit should not be dissolved. 311 N.C. 101, 316 S.E.2d 246 (1984). In sum, where there is reasonable hope that the family unit within a reasonable period of time can reunite and provide for the emotional and physical welfare of the child, the trial court is given discretion not to terminate rights. *Id.*

While there is no requirement at this dispositional stage for the court to make findings of fact upon the issuance of an order to terminate parental rights, such findings and conclusions must be made upon any determination that the best interests of the child require that rights *not* be terminated. N.C. Gen. Stat. § 7A-289.31(b) and (c) (now codified as sections 7B-1110(b) and (c)).

Evidence heard or introduced throughout the adjudicatory stage, as well as any additional evidence, may be considered by the court during the dispositional stage. In the instant case, the trial court heard petitioner's evidence of repeated violations of service agreements, illegal drug use, other criminal behavior, domestic violence, incarcerations and not only a lack of care for Mashanna, but actually putting her in danger on many occasions. The pattern of neglect was long and unbroken which resulted in little permanency in the life of Mashanna.

Respondent proffered evidence claiming she had overcome her problems and achieved rehabilitation while in prison. She enrolled in a cosmetology course there, frequently wrote letters to her daughter, and also wrote to petitioner and the court asking them not to terminate her parental rights. She requested visits with Mashanna, but those requests were denied.

Despite her efforts at reformation, however, respondent has been written up at least eleven times for disciplinary problems during the latest incarceration, including disobeying orders, misusing medicine, theft of property, possessing non-threatening contraband and provoking an assault.

We note that the child and her best interests are at issue here, not respondent's hopes for the future. *See In re Smith*, 56 N.C. App. 142, 287 S.E.2d 440, *cert. denied*, 306 N.C. 385, 294 S.E.2d 212 (1982). Respondent has not shown an improvement in her lifestyle. While she claims she no longer is engaging in criminal behavior, she is, after all, in a highly structured and secure facility. Additionally, there is no evidence that she is likely to make appropriate decisions as to her daughter's welfare. There was nothing upon which the trial court could reasonably base a decision to find it would *not* be in Mashanna's best interests to terminate parental rights.

We find the trial court did not abuse its discretion and therefore reject respondent's third, fourth, fifth and sixth assignments of error.

Based upon the foregoing, the order of the trial court terminating respondent's parental rights is affirmed.

AFFIRMED.

Judges MARTIN and TIMMONS-GOODSON concur.