643 S.E.2d 579 (2007)
In the Matter of J.T.W., a minor child.
No. 477A06.
Supreme Court of North Carolina.
May 4, 2007.
Holly M. Groce, Statesville, for appellant Guardian ad Litem.
Katharine Chester, Siler City and Richard E. Jester, Louisbury, for respondent-appellee mother.
PER CURIAM.
In its order terminating respondent mother's parental rights, entered 17 May 2004, the trial court found that "[t]he minor child . . . was adjudicated neglected on 11/1/01" and that the motion for termination of parental rights of respondent mother was filed on 30 May 2003. The trial court also found the following facts:
9. . . . Until recently, the mother had a different employer every couple of months, a pattern which continued for years and which continues through the time of this hearing.
. . . .
13. The Respondent Mother's transportation problems have repeatedly led to the mother losing her employment and has [sic] contributed to difficulties with the mother visiting her children. The mother's voluntary departure from Statesville to Gastonia in 2003 has created further difficulties for the mother in visiting her children since she has no transportation which would allow her to visit them.
. . . .
15. The Respondent Mother has had no visits with any of her children who were placed in custody since December 2002. As a result, these children have no observable bond with the mother. The mother is virtually unknown to [J.T.W.] in as much as [sic] he has been in care since he was an infant.
. . . .
22. All three children taken into the custody of the Iredell County DSS have exhibited or are exhibiting special needs.
Based on these findings of fact, the trial court concluded:
2. Clear, Cogent and Convincing evidence exists to find that the minor child has been neglected within the definition of N.C.G.S. [§]7B-101 and that such neglect would continue for the foreseeable future if the child were placed in the care and custody of either parent, and that the parents, for a period of twelve months next proceeding [sic] the filing of the TPR motion in this case, have failed to show to the satisfaction of the court that reasonable progress has been made to correct the conditions which led to the removal of the minor child.
3. The best interest of the minor child would be served by terminating the parental rights of both Respondent Parents.
A divided panel of the Court of Appeals reversed the trial court's termination of respondent mother's parental rights because "[n]one of the court's findings indicate that neglect is likely to reoccur if respondent mother regains custody." In re J.T.W., ___ N.C.App. ___, ___, 632 S.E.2d 237, 241-42 *581 (2006). The dissent, voting to affirm the trial court's order, stated, "`[E]vidence of changed conditions in light of the history of neglect by the parent, and the probability of a repetition of neglect' are also factors that must be considered, and `visitation by the parent is a relevant factor in [neglect] cases.'" Id. at ___, 632 S.E.2d at 243 (Martin, C.J., dissenting) (quoting In re Pierce, 146 N.C.App. 641, 651, 554 S.E.2d 25, 31 (2001), aff'd, 356 N.C. 68, 565 S.E.2d 81 (2002)). The dissent further noted, "`The determinative factors must be the best interests of the child and the fitness of the parent to care for the child at the time of the termination proceeding.'" Id. at ___, 632 S.E.2d at 243 (quoting In re Brim, 139 N.C.App. 733, 742, 535 S.E.2d 367, 372 (2000)).
Having carefully considered the opinion of the Court of Appeals, the record, briefs, and oral arguments, we conclude the trial court's findings were sufficient to support its conclusions of law, and we reverse the decision of the Court of Appeals.
REVERSED.
Justice HUDSON did not participate in the consideration or decision of this case.