An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-999

NORTH CAROLINA COURT OF APPEALS

Filed:  6 May 2014

IN THE MATTER OF:

A.L.E., Jr. and A.K.E.                    Wake County
                                          Nos. 11 JT 241-42


Appeal by respondent-mother from order entered 13 May 2013 by Judge Monica M. Bousman in Wake County District Court.  Heard in the Court of Appeals 27 March 2014.

> *Roger A. Askew, for petitioner-appellee Wake County Human Services.*
>
> *Pamela Leonard Cassels, for guardian ad litem.*
>
> *Sandlin Family Law Group, by Debra A. Griffiths, for respondent-appellant mother.*

CALABRIA, Judge.

Respondent-mother ("respondent") appeals from the trial court's order terminating her parental rights to her minor children Adam and Amanda[1] (collectively "the children").

---

[1] Pseudonyms are used to protect the identities of the minor children.

Respondent-father did not appeal the trial court's order and thus, is not a party to this appeal. We affirm.

In October 2010, Wake County Human Services ("WCHS") received reports of domestic violence and substance abuse by the children's parents. On 19 October 2010, respondent obtained a Domestic Violence Protective Order ("DVPO") against the children's father. Respondent and WCHS agreed upon a case plan that required respondent to abide by the DVPO. However, respondent failed to comply with this requirement and continued to have contact with the children's father.

On 13 September 2011, respondent and the children attended a hearing at the Wake County Courthouse to set aside respondent's DVPO against the father. During the hearing, respondent stated she was unable to provide for the children and that she did not have the means to take care of them. Upon leaving the hearing, respondent was seen yelling profanity at the children and hitting Adam. As a result, WCHS filed a juvenile petition alleging that the children were neglected juveniles and obtained nonsecure custody of both children.

On 19 October 2011, the court adjudicated the children as neglected juveniles. Respondent was ordered to comply with a Family Services Agreement, which required her to: (1) obtain and

maintain housing and employment sufficient for herself and the children; (2) complete parenting education and demonstrate parenting skills; (3) follow through with the visitation plan; (4) obtain a psychological evaluation and follow through with any recommendations; and (5) obtain a substance abuse assessment and comply with the recommendations of the resulting treatment plan.

Respondent failed to comply with the trial court's order. As a result, on 10 August 2012, the trial court ceased further reunification efforts and ordered WCHS to make reasonable efforts to place the children, in a timely manner, in accordance with the permanent plan of adoption. On 27 November 2012, WCHS filed a motion for termination of parental rights on the grounds of dependency, neglect, willfully leaving the children in foster care for more than twelve months without making reasonable progress to correct the conditions which led to the removal of the children from the home, and willfully abandoning the children. On 13 May 2013, the trial court entered an order which concluded that multiple grounds existed for termination of respondent's parental rights and that termination of respondent's parental rights was in the best interests of the children. Based upon these conclusions, the court terminated

respondent's parental rights to both children. Respondent appeals.

Respondent contends that the trial court abused its discretion in concluding that the termination of parental rights was in the best interests of her children. We disagree.

"After an adjudication that one or more grounds for terminating a parent's rights exist, the court shall determine whether terminating the parent's rights is in the juvenile's best interest." N.C. Gen. Stat. § 7B-1110(a) (2013). This determination is reviewed under the abuse of discretion standard and thus, will only be reversed if it is "manifestly unsupported by reason." *Clark v. Clark,* 301 N.C. 123, 129, 271 S.E.2d 58, 63 (1980). When determining the best interests of the children, the court is required to consider the following statutorily-mandated factors and make findings regarding those factors which are relevant:

> (1) The age of the juvenile.
>
> (2) The likelihood of adoption of the juvenile.
>
> (3) Whether the termination of parental rights will aid in the accomplishment of the permanent plan for the juvenile.
>
> (4) The bond between the juvenile and the parent.

> (5) The quality of the relationship between the juvenile and the proposed adoptive parent, guardian, custodian, or other permanent placement.
>
> (6) Any relevant consideration.

N.C. Gen. Stat. § 7B-1110(a) (2013). In the instant case, the trial court made findings regarding each of the required statutory factors.

Among the trial court's findings was that respondent's bond with the children was "not an appropriate parent[-]child bond." Respondent asserts that the trial court's finding is not supported by the evidence because it failed to adequately consider the full extent of the bond between her and the children. However, while the social worker did testify to appropriate interactions between respondent and the children during visitations, there was also evidence that respondent did not consistently attend visitation with the children, that during at least one visit the Wake County Sheriff's Office was called to the visitation because respondent became extremely angry after Amanda referred to her foster mother as "mommy," and that respondent neglected the children on multiple occasions. This evidence supports the trial court's finding that the bond between respondent and the children was not appropriate.

The trial court also found that adoption of the children was "very likely." Respondent asserts that this finding is erroneous because there was no evidence presented that adoption of the children is guaranteed and because there were several characteristics of the children which would make adoption difficult. Specifically, respondent notes that the children are twins who must be adopted together and that they have special emotional and developmental needs, such as ADHD. However, the trial court took these special needs into consideration and determined that these needs would not be a barrier to their adoption. This finding is supported by the testimony of the social worker, who testified that she did not see any significant barriers to the children being adopted. Furthermore, the court found that the children's current foster parents were considering adoption, and even if that potential adoption does not come to fruition, the Juvenile Code does not require that termination of parental rights lead to adoption in order for it to be in the children's best interests. *See In re M.M.*, 200 N.C. App. 248, 258, 684 S.E.2d 463, 470 (2009) (noting that "nothing within N.C. Gen. Stat. § 7B-1110 (2007) requires that termination lead to adoption in order for termination to be in a child's best interests."). Based upon the evidence at the

termination hearing, the trial court properly found that adoption of the children was very likely.

Finally, respondent challenges the trial court's finding that termination of her parental rights aides in the accomplishment of the permanent plan for the children. Respondent asserts that this finding is erroneous because she is intent on carrying out her case plan and has the goal to complete the plan such that the court should not have terminated her parental rights. However, the evidence at the termination hearing demonstrated that the children had already been in WCHS custody for several months when respondent's case plan was implemented on 13 September 2011. Respondent's renewed efforts to attempt to comply with the plan did not begin until February 2013, shortly before the termination hearing. Thus, while respondent may be intent on completing her case plan in the future, she failed to make adequate progress on the plan for more than a year while the children were in WCHS custody. As this Court has previously noted, "the child[ren] and [their] best interests are at issue here, not respondent's hopes for the future." *In re Blackburn,* 142 N.C. App. 607, 614, 543 S.E.2d 906, 911 (2001). Consequently, based upon respondent's previous behavior, the trial court's finding that termination will aide

in the children's permanent plan was supported by evidence at the termination hearing.

Ultimately, we conclude that the above-challenged findings were supported by competent evidence, and that these findings and other unchallenged findings in the trial court's order establish that the court did not abuse its discretion when determining that it was in the children's best interests to terminate respondent's parental rights. The trial court's order is affirmed.

Affirmed.

Judges ELMORE and STEPHENS concur.

Report per Rule 30(e).