**IN RE D.E.G.**

[228 N.C. App. 381 (2013)]

IN THE MATTER OF D.E.G.

No. COA13-279

Filed 6 August 2013

1. **Termination of Parental Rights—DSS absolved from reunification efforts—sufficiency of findings of fact**

    The trial court did not abuse its discretion in a termination of parental rights case by concluding that the Department of Social Services was absolved from any further responsibility to reunite respondent father with the minor child. The uncontroverted evidence and the trial court's unchallenged findings of fact supported the determinations that respondent challenged.

2. **Constitutional Law—right to counsel—withdrawal of trial counsel—no notice—no continuation of case**

    The trial court erred in a termination of parental rights case by allowing respondent father's appointed counsel to withdraw from representation without either providing notice to respondent or continuing the termination hearing. The termination order was vacated, and remanded to the trial court for further proceedings.

Appeal by respondent from orders entered 23 April 2012 by Judge Richlyn D. Holt and 19 October 2012 by Judge Richard K. Walker in Haywood County District Court. Heard in the Court of Appeals 1 July 2013.

*Rachael J. Hawes, for Haywood County Department of Social Services, petitioner-appellee.*

*Leslie Carter Rawls for respondent-appellant.*

*Parker Poe Adams & Bernstein LLP, by Kiah T. Ford IV, for guardian ad litem.*

ERVIN, Judge.

Respondent-Father Preston H. appeals from orders (1) terminating any obligation on the part of the Haywood County Department of Social Services to attempt to reunify D.E.G.[1] with Respondent-Father

---

1. D.E.G. will be referred to throughout the remainder of this opinion as David, a pseudonym used for ease of reading and to protect the juvenile's privacy.

and changing the permanent plan for David to one of adoption and (2) terminating Respondent-Father's parental rights in David. On appeal, Respondent-Father contends that Judge Holt erred by authorizing DSS to cease attempting to reunify him with David and that Judge Walker erred by excusing his trial counsel from appearing on his behalf at the termination hearing. After careful consideration of Respondent-Father's challenges to Judge Holt's and Judge Walker's orders in light of the record and the applicable law, we conclude that, while the permanency planning order should be affirmed, the termination order must be vacated and this case must be remanded to the Haywood County District Court for further proceedings necessitated by the erroneous excusal of Respondent-Father's trial counsel from any obligation to represent him at the termination hearing.

## I.  Factual Background

On 4 November 2010, DSS filed a petition alleging that three-year-old David was a neglected and dependent juvenile. On 9 February 2011, the court entered a consent adjudication order determining that David was a neglected and dependent juvenile. At the conclusion of a review hearing held on 14 December 2011, the court permitted DSS to cease reunification efforts with David's mother, Tyshanna C.

Respondent-Father was incarcerated in the custody of the North Carolina Department of Correction from 1 June 2011 to 18 January 2012. After a hearing held on 3 April 2012, at which Respondent-Father and his attorney were present, Judge Holt entered an order on 23 April 2012 allowing DSS to cease efforts to reunify David with Respondent-Father and changing David's permanent plan from reunification to adoption.

On or about 7 June 2012, DSS filed a petition to terminate the parental rights of both of David's parents pursuant to N.C. Gen. Stat. § 7B-1111(a)(1) (neglect), N.C. Gen. Stat. § 7B-1111(a)(2) (failure to make reasonable progress), and N.C. Gen. Stat. § 7B-1111(a)(3) (failure to pay a reasonable portion of the cost of David's care). Respondent-Father was served with a summons and the petition on 18 June 2012. The summons served upon Respondent-Father stated, among other things, that, "[i]f you are represented by a lawyer appointed previously in an abuse, neglect or dependency case, that lawyer will continue to represent you unless the Court orders otherwise;" that, if Respondent-Father did not have a lawyer and wanted court-appointed counsel, he should contact the attorney named in the summons who had been temporarily assigned to represent him; and that, "[a]t the first hearing, the Court will determine whether you qualify for a court-appointed lawyer." The summons

**IN RE D.E.G.**

[228 N.C. App. 381 (2013)]

served upon Respondent-Father named the same individual who had been representing Respondent-Father during the underlying neglect and dependency proceeding as Respondent-Father's counsel.

On 27 June 2012, Respondent-Father entered the DART-Cherry substance abuse program. As a result of the fact that Respondent-Father was attending the DART-Cherry program, the court entered an order on 7 August 2012 continuing the termination hearing until 9:30 a.m. on 1 October 2012. After completing the program on 26 September 2012, Respondent-Father "was released back into the community."

At the time that this case was called for hearing at 10:34 a.m. on 1 October 2012, the counsel for DSS informed Judge Walker that the issue before the court on that occasion was whether the parental rights of David's parents should be terminated. In addition, counsel for DSS stated that the case had also been calendared for a permanency planning review, which she requested to be heard after the conclusion of the termination hearing on the grounds that such a hearing would not be necessary in the event that the parental rights of David's parents were terminated. After the courtroom clerk called out the names of both of David's parents and received no response, counsel for DSS told Judge Walker that she had spoken with the attorneys for both parents earlier in the day and that both of them indicated that they had had no contact with their clients. In addition, counsel for DSS stated that Respondent-Father's attorney, "via me," had asked to be excused from serving as Respondent-Father's attorney at the termination hearing. In response, Judge Walker stated, "All right. Counsel for both respondent parties will be excused for absence or [sic] contact with their clients," and proceeded to conduct a special hearing held pursuant to N.C. Gen. Stat. § 7B-1108(b) and the adjudication and dispositional portions of the termination hearing without further inquiry into the validity of the request made by Respondent-Father's attorney to be excused from attending or participating in the hearing. All of the proceedings held in this case on 1 October 2012 had concluded by 11:08 a.m.

On 19 October 2012, Judge Walker entered an order finding that Respondent-Father's parental rights were subject to termination pursuant to N.C. Gen. Stat. § 7B-1111(a)(1) (neglect), N.C. Gen. Stat. § 7B-1111(a)(2) (failure to make reasonable progress), and N.C. Gen. Stat. § 7B-1111(a)(3) (failure to pay a reasonable portion of the cost of David's care) and that the termination of Respondent-Father's parental rights in David would be in David's best interests.[2] Respondent-Father

---

2. Judge Walker also terminated the parental rights of David's mother, Tyshanna C., in

IN RE D.E.G.

[228 N.C. App. 381 (2013)]

noted an appeal to this Court from Judge Walker's termination order and Judge Holt's permanency planning order in a timely manner.

## II.  Substantive Legal Analysis

### A.  Cessation of Reunification Efforts

[1] As an initial matter, Respondent-Father contends that Judge Holt erred by authorizing the cessation of efforts to reunify him with David. More specifically, Respondent-Father argues that the findings of fact that Judge Holt made in support of this determination lacked adequate evidentiary support, that Judge Holt's findings of fact did not support Judge Holt's conclusions of law, and that Judge Holt's findings and conclusions did not support a determination that DSS should be authorized to cease attempting to reunite David and Respondent-Father. We do not find Respondent-Father's arguments persuasive.

"This Court reviews an order that ceases reunification efforts to determine whether the trial court made appropriate findings, whether the findings are based upon credible evidence, whether the findings of fact support the trial court's conclusions, and whether the trial court abused its discretion with respect to disposition." *In re C.M.*, 183 N.C. App. 207, 213, 644 S.E.2d 588, 594 (2007) (citation omitted). Findings of fact which are not challenged on appeal as lacking adequate evidentiary support are deemed supported by competent evidence and are binding for purposes of appellate review. *Koufman v. Koufman*, 330 N.C. 93, 97, 408 S.E.2d 729, 731 (1991). "An abuse of discretion occurs when the trial court's ruling is so arbitrary that it could not have been the result of a reasoned decision." *In re Robinson*, 151 N.C. App. 733, 737, 567 S.E.2d 227, 229 (2002) (internal quotations omitted).

In his brief, Respondent-Father challenges the sufficiency of the evidentiary support for Judge Holt's determinations that (1) it is not possible for David to be returned to the home immediately or within the next six months; (2) since David's return to the home within the next six months is unlikely, adoption should be pursued; (3) DSS should no longer be required to make reasonable efforts to reunify David with Respondent-Father because those efforts would clearly be futile or inconsistent with David's health and safety and with his need for a safe, permanent home; and (4) the conditions that led to David's removal from the home continue to exist. According to Respondent-Father, these determinations are

the 19 October 2012 order. Since Tyshanna C. has not sought appellate review of either the permanency planning order or the termination order, she is not a party to the proceedings before this Court.

IN RE D.E.G.

[228 N.C. App. 381 (2013)]

contrary to the evidence presented at the permanency planning hearing because he is addressing his substance abuse issues, which constituted a principal reason for David's removal from the home and which led to his incarceration, by enrolling in an intensive substance abuse program which was scheduled to begin shortly after the permanency planning hearing. Respondent-Father's argument does not, however, adequately consider the voluminous additional evidentiary support for Judge Holt's decision to authorize DSS to cease attempting to reunify Respondent-Father with David.

In his brief, Respondent-Father has not challenged Judge Holt's findings that David had been in DSS custody since 3 November 2010; that Respondent-Father had been continuously incarcerated in either the Haywood County Jail or the North Carolina Department of Correction from 2 February 2011 to the date of the permanency planning hearing; that Respondent-Father was awaiting trial on a new set of criminal charges which could have resulted in the imposition of an active sentence of three to five years at the time of the permanency planning hearing; that, during the first three months of the period during which David was in DSS custody, Respondent-Father, who was not incarcerated at that time, only visited with David on three of the twelve opportunities that were made available to him; that, during these three visits, Respondent-Father had to be assisted by a visitation monitor; that Respondent-Father last visited with David on 31 December 2010; and that, during the period of his incarceration, Respondent-Father did not correspond with David. In addition, Judge Holt's unchallenged findings indicate that David has exhibited behavioral problems, which necessitated his removal from one therapeutic foster home to another, and has significant mental health needs. Moreover, the record reflects that, during the time that he was incarcerated in the North Carolina Department of Correction from 1 June 2011 to 18 January 2012, Respondent-Father was approved for participation in the GED program, work release, counseling and substance abuse treatment. However, Respondent-Father did not participate in work release, did not complete the GED program (although he did complete two classes), and did not complete any other programs or classes. During that same period of time, Respondent-Father committed infractions on four different occasions, resulting in more restrictive confinement for a period of time and the loss of a certain amount of " 'good' time." A careful examination of Judge Holt's undisputed findings of fact discloses that Respondent-Father failed to do anything of consequence to improve his ability to parent and care for David or to show love and affection for his son. As a result of the fact that Judge Holt noted that, "[a]t the present time, it looks like [Respondent-Father]

will have a 90-day stint in the DART Program and then be eligible for release," she clearly considered Respondent-Father's decision to enter substance abuse treatment in the course of deciding to authorize the cessation of efforts to reunify Respondent-Father with David. However, the record provides no assurance that the substance abuse treatment in which Respondent-Father was about to participate was likely to be successful. As a result, we hold that the uncontroverted evidence and Judge Holt's unchallenged findings of fact support the determinations which Respondent-Father has challenged and Judge Holt's conclusion that DSS should be absolved from any further responsibility for attempting to reunite Respondent-Father with David and that these findings and conclusions adequately support Judge Holt's determination that no further efforts to reunite Respondent-Father with David should be made.

### B. Excusal of Respondent-Father's Counsel

[2] Secondly, Respondent-Father contends that Judge Walker erred by allowing his appointed counsel to withdraw from his representation of Respondent-Father without having appeared in court, notified Respondent-Father of his intention to withdraw, or shown good cause for the allowance of his request. Respondent-Father's contention has merit.

"Parents have a right to counsel in all proceedings dedicated to the termination of parental rights." *In re L.C., I.C., L.C.*, 181 N.C. App. 278, 282, 638 S.E.2d 638, 641 (citation and quotations omitted), *disc. review denied*, 361 N.C. 354, 646 S.E.2d 114 (2007); *see also* N.C. Gen. Stat. § 7B-1101.1. The right to counsel in a termination of parental rights proceeding includes the right to the effective assistance of counsel. *In re Dj.L., D.L. & S.L.*, 184 N.C. App. 76, 84, 646 S.E.2d 134, 140 (2007) (citation omitted). After making an appearance in a particular case, an attorney may not cease representing his or her client in the absence of "(1) justifiable cause, (2) reasonable notice [to the client], and (3) the permission of the court." *Smith v. Bryant*, 264 N.C. 208, 211, 141 S.E.2d 303, 305 (1965) (citation omitted). "The determination of counsel's motion to withdraw is within the discretion of the trial court, and thus we can reverse the trial court's decision only for abuse of discretion." *Benton v. Mintz*, 97 N.C. App. 583, 587, 389 S.E.2d 410, 412 (1990) (citation omitted). However, "[w]here an attorney has given his client no prior notice of an intent to withdraw, the trial judge has no discretion" and "must grant the party affected a reasonable continuance or deny the attorney's motion for withdrawal." *Williams and Michael v. Kennamer*, 71 N.C. App. 215, 217, 321 S.E.2d 514, 516 (1984). As a result, before allowing an attorney to withdraw or relieving an attorney from any obligation to actively participate in a termination of parental rights proceeding when

**IN RE D.E.G.** ˙

[228 N.C. App. 381 (2013)]

the parent is absent from a hearing, the trial court must inquire into the efforts made by counsel to contact the parent in order to ensure that the parent's rights are adequately protected. *In re S.N.W.*, 204 N.C. App. 556, 561, 698 S.E.2d 76, 79 (2010).

The record presented for our review clearly shows that Respondent-Father's counsel did not appear at the termination hearing, effectively precluding Judge Walker from determining what efforts, if any, he had made to contact Respondent-Father and let Respondent-Father know of his intention to seek leave of court to withdraw from his representation of Respondent-Father. As a result, the record contains absolutely no indication tending to show that Respondent-Father's counsel had made any effort to notify, much less actually notified, Respondent-Father of his intention to seek leave of court to withdraw from his representation of Respondent-Father and only minimal information bearing on the issue of whether Respondent-Father's trial counsel had a justifiable basis for his request for leave to withdraw.[3] Even so, Judge Walker excused Respondent-Father's trial counsel from any obligation to appear at the termination hearing without continuing the termination hearing until another date. As a result, we conclude that Judge Walker erred by excusing Respondent-Father's trial counsel from attending and participating in the termination hearing.

In seeking to persuade us to reach a different result, DSS and David's guardian *ad litem* argue that Judge Walker did not commit any error of law by excusing Respondent-Father's trial counsel from appearing at the termination hearing because he was required by N.C. Gen. Stat. § 7B-1101.1(a) to discharge Respondent-Father's trial counsel given Respondent-Father's failure to appear at the termination hearing.[4] The

---

3. Admittedly, Respondent-Father's trial counsel purportedly told counsel for DSS that he had not had any contact with Respondent-Father in advance of the termination hearing. However, the record reflects that Respondent-Father had been involved in the earlier neglect proceeding to a considerable degree. For example, we note that Respondent-Father, accompanied by his trial counsel, attended every hearing in this matter prior to the termination hearing except for one of four non-secure custody hearings. Respondent-Father attended the last permanency planning review hearing on 3 April 2012 and noted an appeal from the order entered as a result of that hearing. Moreover, Respondent-Father had only been released from the custody of the North Carolina Department of Correction for four days prior to the date upon which the termination hearing was scheduled to begin. Under this set of circumstances, we believe that some inquiry into the steps which had been taken by Respondent-Father's trial counsel to make contact with his client and to provide Respondent-Father with notice of his intention to seek leave to withdraw from his representation of Respondent-Father was clearly called for.

4. DSS and David's guardian *ad litem* also argue that, instead of allowing Respondent-Father's trial counsel to withdraw, Judge Walker simply excused Respondent-Father's

argument advanced by DSS and the guardian *ad litem* rests upon the basic legal principle that termination proceedings are independent from any underlying abuse, neglect or dependency proceeding, *In re R.T.W.*, 359 N.C. 539, 553, 614 S.E.2d 489, 497 (2005), and assumes that Respondent-Father was represented by provisional counsel at the beginning of the termination hearing. Although N.C. Gen. Stat. § 7B-1101.1(a) does provide for the appointment of provisional counsel to represent a parent in a termination proceeding and requires the trial court to dismiss the parent's provisional counsel for a number of different reasons, including the parent's failure to "appear at the hearing," N.C. Gen. Stat. § 7B-1101.1(a)(1), the appointment of provisional counsel is unnecessary in the event that "the parent is already represented by counsel." As the summons served upon Respondent-Father clearly indicated, Respondent-Father's trial counsel, who had represented Respondent-Father throughout the underlying neglect and dependency proceeding, would continue to represent him in the termination proceeding. Therefore, Respondent-Father was not represented by provisional counsel.[5] Thus, the trial court was not, as DSS and David's guardian *ad litem* contend, excused from the necessity for compliance with the usual procedures required prior to the entry of an order allowing a parent's counsel to withdraw in this case by virtue of the provisions of N.C. Gen. Stat. § 7B-1101.1(a).[6]

As a result, in light of the trial court's erroneous decision to excuse Respondent-Father's trial counsel from any obligation to continue

---

trial counsel from appearing at the termination hearing. We believe that this argument rests upon a distinction without a difference given that Respondent-Father was entitled to the effective assistance of counsel at the termination proceeding and would have been deprived of that right in the event that his trial counsel were excused from appearing at and participating in the termination hearing under circumstances and for reasons that would not have justified the allowance of a withdrawal motion. *S.N.W.*, 204 N.C. App. at 557-58, 698 S.E.2d 77 (applying the same rules applicable to a challenge to the entry of a withdrawal order to a challenge to a trial court order allowing a parent's counsel to refrain from participating in a particular proceeding).

5. The fact that Respondent-Father was advised that the attorney who had represented him in the prior neglect proceeding would continue to represent him in the termination proceeding precludes acceptance of the additional argument advanced by DSS and the guardian *ad litem* to the effect that Respondent-Father waived counsel by failing to appear at the termination hearing.

6. Although DSS and the guardian *ad litem* urge us to uphold the termination order on non-prejudice grounds even if we determine that Judge Walker erred by excusing Respondent-Father's counsel from appearing on his behalf at the termination proceeding, we are unwilling to accept that suggestion in the absence of any information tending to show the extent, if any, to which Respondent-Father's trial counsel attempted to contact him prior to the hearing in question.

representing his client without any evidence that Respondent-Father had been notified of trial counsel's intentions and without granting a continuance, we conclude that the termination order should be vacated and this case remanded to the Haywood County District Court for further proceedings. On remand, the trial court should, after providing Respondent-Father with adequate notice, conduct a hearing for the purpose of determining the extent, if any, to which Respondent-Father's trial counsel had attempted to notify Respondent-Father of his intentions to seek leave of court to withdraw from his representation of Respondent-Father and whether he had justifiable cause for making that request. In the event that adequate notice was given to Respondent-Father and in the event that Respondent-Father's trial counsel had justifiable cause for being relieved of any obligation to continue representing Respondent-Father, the trial court should allow the withdrawal motion and reinstate the termination order, with Respondent-Father having the right to seek appellate review of the trial court's determination with respect to his trial counsel's withdrawal motion by noting an appeal from the reinstated termination order. If the trial court determines that Respondent-Father's trial counsel did not provide his client with adequate notice of his intention to seek leave of court to withdraw from his representation of Respondent-Father or that Respondent-Father's trial counsel failed to show adequate justification for the allowance of that request, the trial court should conduct a new termination hearing and enter a new order addressing the issues raised by the DSS termination petition.

### III.  Conclusion

Thus, for the reasons set forth above, we conclude that, while none of Respondent-Father's challenges to Judge Holt's permanency planning order have merit, Judge Walker erred by allowing Respondent-Father's trial counsel to withdraw without either providing notice to Respondent-Father or continuing the termination hearing. As a result, the permanency planning order should be, and hereby is, affirmed and the termination order should be, and hereby is vacated, with this case being remanded to the Haywood County District Court for further proceedings not inconsistent with this opinion.

AFFIRMED IN PART; VACATED IN PART AND REMANDED.

Judges GEER and STEPHENS concur.