McGEE, Chief Judge.
Respondent, mother of juvenile T.E.G., appeals from order terminating her parental rights. Respondent argues the trial court erred by allowing her counsel to withdraw without providing reasonable notice to Respondent that she intended to do so. We agree and vacate and remand the trial court's order.
I. Factual and Procedural History
The Gaston County Department of Social Services ("DSS") filed a petition on 17 February 2016, alleging T.E.G. was a neglected juvenile after Respondent had been arrested and taken into custody by the Gaston County Sheriff's Department and was unable to name an appropriate caretaker for T.E.G. At the time of Respondent's arrest, DSS stated it was providing services to Respondent due to her substance abuse issues and unstable and inappropriate housing. DSS further claimed Respondent had a lengthy history of substance abuse and had been arrested on several occasions. DSS noted Respondent had three other children who had previously been removed from her custody and her parental rights as to those children had been terminated. DSS obtained non-secure custody of T.E.G. and the trial court adjudicated T.E.G. a neglected juvenile on 13 October 2016.
The trial court adopted an initial primary permanent plan of reunification with a secondary permanent plan of guardianship on 28 October 2016. The trial court entered an order on 26 July 2017, in which it found as fact that Respondent had been hospitalized in January 2017 due to an overdose of heroin and had not disclosed this to the trial court at a prior review hearing. The trial court stated Respondent had not put T.E.G. before her substance abuse and that further reunification efforts would be futile and inconsistent with T.E.G.'s health, safety, and need for a safe, permanent home within a reasonable period of time. Accordingly, the trial court changed the permanent plan to a primary permanent plan of adoption with a secondary plan of guardianship.
DSS filed a petition on 24 August 2017 to terminate Respondent's parental rights, based on the following grounds: (1) neglect; (2) willfully leaving T.E.G. in foster care for more than twelve months without showing reasonable progress toward correcting the conditions that led to T.E.G.'s removal; and (3) Respondent's parental rights to three other children had been terminated and she lacked the ability or willingness to establish a safe home. See N.C. Gen. Stat. § 7B-1111(a)(1), (2), (9) (2017). The petition was heard on 13 November 2017. Respondent did not appear, and Respondent's counsel moved to withdraw due to her lack of contact with Respondent. Counsel stated:
[RESPONDENT'S ATTORNEY]: Your Honor, I would ask to withdraw .... [Respondent] has-I have spoken to her during the course of-she knows that there is a TPR, but I have not received any communication from her as far as what-you know, what she wanted to know. She's not made any efforts whatsoever.
THE COURT: And [Respondent was] served. Correct?
[DSS's ATTORNEY]: [She was], Your Honor.
THE COURT: Personally? [She was] personally served?
[DSS's ATTORNEY]: Yes, sir, Your Honor. Yes.
(Pause)
THE COURT: Here we go. August 25th.
(Pause.)
THE COURT: August 25th for [Respondent] ..., and since that time, [she has not] contacted you at all in response to this service or-did y'all send letters to [her] also?
....
[RESPONDENT'S ATTORNEY]: Your Honor, I do have record of speaking to [Respondent] in September, and she was talking to me about drug classes that she's taken, and she's talking about rescheduling some of the other classes that she has been taking.
THE COURT: But nothing about the TPR or how to proceed on it?
[RESPONDENT'S ATTORNEY]: That's correct, Your Honor.
THE COURT: All right. Motion to withdraw is allowed.
The trial court entered an order on 19 December 2017, in which it concluded grounds existed to terminate Respondent's parental rights based upon the grounds alleged in the petition. The trial court further concluded it was in T.E.G.'s best interest that Respondent's parental rights be terminated. Accordingly, the trial court terminated Respondent's parental rights. Respondent appeals.
II. Analysis
Respondent's sole argument on appeal is that the trial court erred by allowing her counsel to withdraw from representation without giving Respondent notice of her intent to do so. We agree.
"[T]his Court has consistently vacated or remanded [termination of parental rights] orders when questions of 'fundamental fairness' have arisen due to failures to follow basic procedural safeguards." In re M.G. , 239 N.C. App. 77, 83, 767 S.E.2d 436, 441, cert. denied, disc. review denied sub nom. In re M.J.G. , 368 N.C. 264, 772 S.E.2d 708 (2015). One of those procedural safeguards is the right to counsel. At a termination hearing, a "parent has the right to counsel, and to appointed counsel in cases of indigency, unless the parent waives the right." N.C. Gen. Stat. § 7B-1101.1(a) (2017). This Court has stated that, "after making an appearance in a particular case, an attorney may not cease representing a client without '(1) justifiable cause, (2) reasonable notice [to the client], and (3) the permission of the court.' " M.G. , 239 N.C. App. at 83, 767 S.E.2d at 440 (quoting Smith v. Bryant , 264 N.C. 208, 211, 141 S.E.2d 303, 305 (1965) ). We review a trial court's ruling on a motion to withdraw for abuse of discretion, which "occurs only when the trial court's ruling is 'so arbitrary that it could not have been the result of a reasoned decision.' " Id . (quoting White v. White , 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985) ).
In M.G. , this Court vacated and remanded an order terminating a respondent's parental rights because the trial court allowed the respondent's attorney to withdraw from representing the respondent before the termination hearing began without first conducting a full inquiry to determine whether the respondent's attorney had justifiable cause to withdraw and had provided reasonable notice to the respondent of her intention to do so. Id. ; see also In re D.E.G. , 228 N.C. App. 381, 387-88, 747 S.E.2d 280, 284 (2013) (holding the trial court erred by allowing the respondent-father's counsel to withdraw without any evidence that respondent-father had been notified of trial counsel's intentions and without granting a continuance). This Court stated that " '[w]here an attorney has given his client no prior notice of an intent to withdraw, the trial judge has no discretion' and 'must grant the party affected a reasonable continuance or deny the attorney's motion for withdrawal.' " Id . at 83, 767 S.E.2d at 440-41 (quoting Williams & Michael, P.A. v. Kennamer , 71 N.C. App. 215, 217, 321 S.E.2d 514, 516 (1984) ). This Court further stated that,
As a result, "before allowing an attorney to withdraw or relieving an attorney from any obligation to actively participate in a [TPR] proceeding when the parent is absent from a hearing, the trial court must inquire into the efforts made by counsel to contact the parent [regarding counsel's intent to withdraw] in order to ensure that the parent's rights are adequately protected."
Id. (quoting D.E.G. , 228 N.C. App. at 386-87, 747 S.E.2d at 284 ).
We are unable to distinguish the present case from M.G. , and we conclude that it is controlling precedent by which we are bound. The record in the present case, as in M.G. , "is devoid of any evidence whatsoever that Respondent received any notice from her trial counsel that counsel would seek to withdraw from her representation at the start of the TPR hearing." Id. at 84, 767 S.E.2d at 441. Although counsel stated she spoke with Respondent in September 2017, counsel "offered no elaboration as to what discussion, if any, they had about Respondent's [termination] hearing and the potential consequences that might follow if [Respondent] failed to appear." Id. Similarly, the trial court's inquiry into counsel's contact with Respondent was minimal prior to allowing counsel to withdraw. Id.
DSS argues that Respondent's failure to communicate with her counsel and failure to appear at the hearing constituted a "constructive discharge" of her counsel; therefore, Respondent's counsel was required to withdraw under the Rules of Professional Conduct. See N.C. Rev. R. Prof. Conduct 1.16. This position is contrary to both prior precedent and the Rules of Professional conduct, which require reasonable efforts to give notice to the client. Skelly v. Skelly , 215 N.C. App. 580, 715 S.E.2d 618 (2011) (citing Smith v. Bryant , 264 N.C. 208, 141 S.E.2d 303 (1965) ); N.C. Rev. R. Prof. Conduct 1.16(d).
DSS then argues that allowing Respondent's counsel to continue with the representation without any knowledge of her client's position would expose counsel to ineffective assistance of counsel or malpractice claims; therefore, the trial court did not err in granting the motion to withdraw by Respondent's counsel. This position was rejected in In re S.N.W. , 204 N.C. App. 556, 698 S.E.2d 76 (2010) where this Court held that while
we recognize that "a lawyer cannot properly represent a client with whom he has no contact." ... [A] finding of ineffective assistance of counsel will generally not be made where the purported shortcomings of counsel were caused by the party. However, procedural safeguards, including the right to counsel, must be followed to ensure the "fundamental fairness" of termination proceedings.
S.N.W. , 204 N.C. App. at 561, 698 S.E.2d at 79 (citations omitted). See In re Bishop , 92 N.C. App. 662, 666, 375 S.E.2d 676, 679 (1989) ("Where the lack of preparation for trial is due to a party's own actions, the trial court does not err in denying a motion to continue.").
DSS's final argument is that the trial court did not err by allowing counsel to withdraw because it was required to do so by N.C.G.S. § 7B-1101.1(a), given Respondent's failure to appear at the termination hearing. DSS cites In re R.T.W. , 359 N.C. 539, 614 S.E.2d 489 (2005) and makes the same or substantially similar arguments previously raised in M.G. and D.E.G. that
[termination] proceedings are independent from any underlying abuse, neglect, or dependency proceedings. Thus, DSS asserts that although [Respondent's counsel also] served as [her] appointed counsel in the [abuse, neglect, and dependency] proceedings, her role in the [termination] proceedings was only provisional, and section 7B-1101.1(a), which governs the appointment of provisional counsel in [termination] proceedings, requires the court to dismiss a respondent-parent's provisional counsel if the respondent-parent "[d]oes not appear at the hearing."
M.G. , 239 N.C. App. at 85-86, 767 S.E.2d at 442 (citing In re R.T.W. , 359 N.C. 539, 614 S.E.2d 489 (2005) and quoting N.C. Gen. Stat. § 7B-1101.1(a)(1) (2013) ). This Court rejected DSS's argument in both M.G. and D.E.G., stating
[DSS's argument] rests on a selective reading of the statute that ignores the fact that "the appointment of provisional counsel is unnecessary in the event that 'the parent is already represented by counsel.' " Here, as in D.E.G. , the summons served upon [r]espondent clearly indicated that her trial counsel, who had represented her throughout the underlying proceedings, would continue to represent her in the [termination] proceeding. Thus, because she was already represented by [her trial counsel], [r]espondent had no need for provisional counsel, [her trial counsel] did not assume a provisional role in the [termination] proceeding, and the trial court was not "excused from the necessity for compliance with the usual procedures required prior to the entry of an order allowing a parent's counsel to withdraw in this case by virtue of the provisions of [ section 7B-1101.1(a)(1) ]."
Id. at 86, 767 S.E.2d at 442-43 (citations omitted). We are bound by M.G. and D.E.G. and reject DSS's argument.
III. Conclusion
Because the trial court erred in allowing Respondent's counsel to withdraw from representing Respondent without first confirming that Respondent's counsel had taken reasonable efforts to notify Respondent of her intention to do so, we conclude that the termination order must be vacated and this case remanded for further proceedings consistent with this opinion.
VACATED AND REMANDED.
Report per Rule 30(e).
Judges HUNTER, JR. and ARROWOOD concur.