IN THE SUPREME COURT OF NORTH CAROLINA

No. 274A22

Filed 28 April 2023

IN THE MATTER OF: R.A.F., R.G.F.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 284 N.C. App. 637 (2022), vacating orders entered on 15 July 2021 by Judge Mack Brittain in District Court, Henderson County, and remanding for a new hearing. Heard in the Supreme Court on 31 January 2023.

*James L. Palmer for petitioner-appellants.*

*Peter Wood for respondent-appellee mother.*

BARRINGER, Justice.

To reach the merits raised by this appeal, we first must address whether the Court of Appeals had jurisdiction to hear respondent-mother's appeal. Since we conclude that the Court of Appeals did have jurisdiction, we proceed to the merits on appeal concerning the trial court's dismissal of respondent-mother's provisional counsel upon respondent-mother's failure to appear at the termination-of-parental-rights hearing. We hold that the Court of Appeals erred by vacating the trial court's orders and remanding for a new hearing based on its concerns about the fundamental fairness of the procedures afforded respondent-mother before the trial court dismissed her provisional counsel in accordance with N.C.G.S. § 7B-1108.1(a)(1) and

N.C.G.S. § 7B-1101.1(a)(1). Because the trial court complied with N.C.G.S. § 7B-1108.1(a)(1) and N.C.G.S. § 7B-1101.1(a)(1), the trial court did not err. Accordingly, we reverse the decision of the Court of Appeals and remand to the Court of Appeals to address respondent-mother's remaining argument that the trial court erred by not appointing a guardian ad litem on behalf of her minor children.

## I.    Jurisdiction

Respondent-mother, acting pro se, filed a notice of appeal addressed to this Court, rather than the Court of Appeals, on 13 August 2021. The legislature had recently amended N.C.G.S. § 7B-1001, which addresses the right to appeal orders in matters under the Juvenile Code's Subchapter on Abuse, Neglect, and Dependency. An Act to Modify the Right to Appeal in Termination of Parental Rights Cases, S.L. 2021-18, 2021 N.C. Sess. Laws 73. The amendments repealed the right to appeal an order terminating parental rights from a district court directly to the Supreme Court of North Carolina. § 1, 2021 N.C. Sess. Laws at 73–74. The amendments also added the right to appeal to the Court of Appeals an order terminating parental rights. § 2, 2021 N.C. Sess. Laws at 74. These changes were effective on 1 July 2021, just a month before respondent-mother filed her pro se notice of appeal. § 5, 2021 N.C. Sess. Laws at 75.

Despite the notice being addressed to the wrong court, the Court of Appeals and opposing parties received notice of the appeal and briefed the appeal in the Court of Appeals as if properly filed. A divided panel of the Court of Appeals elected to

exercise its discretion to issue a writ of certiorari in aid of its jurisdiction, as authorized by N.C.G.S. § 7A-32(c). *See In re R.A.F.*, 284 N.C. App. 637, 642 (2022); *see also* N.C.G.S. § 7A-32(c) ("The Court of Appeals has jurisdiction . . . to issue the prerogative writs, including . . . certiorari . . . in aid of its own jurisdiction . . . .").

In its opinion, the Court of Appeals majority stated that "pursuant to North Carolina Rules of Appellate Procedure 21(a)(1)," it would treat respondent-mother's pro se notice of appeal to the Supreme Court of North Carolina and subsequent brief by appointed counsel as a petition for writ of certiorari. *Id.* This led the dissent to contend that the Rules of Appellate Procedure do not permit the Court of Appeals to construe these filings as a petition for a writ of certiorari because the filings "clearly do not meet the requirements set forth in Rule 21(c)." *Id.* at 650 (Tyson, J., dissenting). As a result, the dissent argued that the majority could issue the writ of certiorari only if it invoked "the provisions of Rule 2 of the Rules of Appellate Procedure" and excuse the noncompliance with Rule 21. *Id.*

This discussion of the Rules of Appellate Procedure—by both the majority and the dissent—is a non sequitur. As Rule 1 of the Rules of Appellate Procedure explains, "[t]hese rules shall not be construed to extend or limit the jurisdiction of the courts of the appellate division as that is established by law." N.C. R. App. P. 1(c).

By law, the Court of Appeals has *jurisdiction* to issue a writ of certiorari in any case in aid of its own jurisdiction. N.C.G.S. § 7A-32(c) (2021). Rule 21, by contrast, provides a *procedure* that *litigants* must use to petition for a writ of certiorari. Thus,

Rule 21 does not limit the Court of Appeals itself. As we held in *State v. Ledbetter*, notwithstanding the procedural limits of Rule 21, "the Court of Appeals maintains broad jurisdiction to issue writs of certiorari unless a more specific statute revokes or limits that jurisdiction." 371 N.C. 192, 195 (2018). Here, no statute limits the Court of Appeals' authority to issue a writ of certiorari in these circumstances, so the Court of Appeals "has jurisdiction and authority to issue the writ of certiorari here." *State v. Killette*, 381 N.C. 686, 691 (2022).

In sum, the Court of Appeals expressly indicated that it was exercising its discretion to issue a writ of certiorari. The circumstances of this case, as noted above, permit the Court of Appeals to do so in the exercise of its sound discretion. Accordingly, the Court of Appeals properly had appellate jurisdiction in this case. We reject the dissent's assertion to the contrary.

## II. Dismissal of Provisional Counsel Pursuant to N.C.G.S. § 7B-1101.1(a)(1)

We now turn to the merits of the appeal concerning the trial court's dismissal of respondent-mother's provisional counsel after respondent-mother failed to appear at the termination-of-parental-rights hearing.

### A. Trial Court Proceedings

On 6 April 2021, petitioners filed a petition for termination of parental rights. Respondent-mother was personally served with the petition and summons and was appointed provisional counsel. Respondent-mother's provisional counsel moved for an extension of time to respond to the petition. The trial court granted the motion.

Thereafter, petitioners filed a notice of hearing to proceed on all issues raised by their petition and served the notice on respondent-mother's provisional counsel but not on respondent-mother. Respondent-mother did not appear at the hearing on the noticed date. During the pre-hearing, the trial court called respondent-mother's name to see if she was present. Hearing nothing, the trial court then conducted a limited inquiry of provisional counsel, asking, "[A]ny contact from your client, ma'am?" Provisional counsel responded,

> Your Honor, she reached out to me, initially, when she was served. I did hear from her. She never came into the office for her appointment. She did contact my office and say she was in a treatment facility.
>
> I contacted that facility. She apparently graduated successfully, but has not contacted my office since then. It's been probably April since I heard from her.

Having heard this, the trial court thanked provisional counsel and said, "[S]o requested then by our legislature, I'll release you at this time."

After the termination hearing, the trial court entered orders terminating respondent-mother's parental rights. Respondent-mother appealed on the basis that the trial court abused its discretion by dismissing her provisional counsel, holding the termination hearing without respondent-mother or her provisional counsel present, and failing to properly inquire into provisional counsel's attempt to contact respondent-mother.

## B. Court of Appeals' Decision

The Court of Appeals held that the trial court reversibly erred by dismissing

respondent-mother's provisional counsel in accordance with N.C.G.S. § 7B-1101.1(a)(1) without asking her provisional counsel about provisional counsel's efforts to: (1) communicate with respondent-mother and (2) inform respondent-mother of the date and time of the termination hearing. *In re R.A.F.*, 284 N.C. App. at 647. In other words, "the trial court committed reversible error by not ensuring that [respondent-m]other's substantial rights to counsel and to adequate notice of such proceedings were protected." *Id.*

The dissent disagreed, arguing that the trial court was "statutorily required to 'consider the . . . [r]etention or release of provisional counsel,' and '[w]hether all summons, service of process, and notice requirements have been met.'" *Id.* at 653 (Tyson, J., dissenting) (alterations in original) (quoting N.C.G.S. § 7B-1108.1(a)(1), (3) (2021)). Subsection (a)(1) of N.C.G.S. § 7B-1101.1 additionally requires that: "At the first hearing *after service* upon the respondent parent, the court *shall dismiss* the provisional counsel if the respondent parent: [d]oes not appear at the hearing." *Id.* (quoting N.C.G.S. § 7B-1101.1(a)(1) (2021)).

In this matter, "[t]he trial court found and concluded [that] all service and notice requirements had been met and that [respondent-m]other's provisional attorney should be released, despite efforts by the respective attorney to engage the [respondent-m]other in the participation of this proceeding." *Id.* (cleaned up). Since these findings and conclusions were unchallenged, the dissent recognized that the Court of Appeals was bound to them on appeal. *Id.*

According to the dissent, the only issue was whether respondent-mother had "argued and shown an abuse of discretion and reversible error in the trial court's decision." *Id.* at 654. The dissent concluded respondent-mother had not met her burden and would have affirmed the trial court's orders. *Id.*

We agree with the dissent that respondent-mother has not shown error reversible by the Court of Appeals. Unlike prior cases addressed by this Court, this appeal involves the unilateral dismissal of provisional counsel by the trial court in accordance with N.C.G.S. § 7B-1108.1(a)(1) and N.C.G.S. § 7B-1101.1(a)(1). These statutes are abundantly clear.

Section 7B-1108.1 states that:

> (a) The court shall conduct a pretrial hearing. However, the court may combine the pretrial hearing with the adjudicatory hearing on termination in which case no separate pretrial hearing order is required. *At the pretrial hearing, the court shall consider the following*:
>     (1) *Retention or release of provisional counsel.*
>     (2) Whether a guardian ad litem should be appointed for the juvenile, if not previously appointed.
>     (3) *Whether all summons, service of process, and notice requirements have been met.*
>     (4) Any pretrial motions.
>     (5) Any issues raised by any responsive pleading, including any affirmative defenses.
>     (6) Any other issue which can be properly addressed as a preliminary matter.
> (b) Written notice of the pretrial hearing shall be in accordance with [N.C.]G.S. [§] 7B-1106 and [N.C.]G.S. [§] 7B-1106.1.

N.C.G.S. § 7B-1108.1 (emphases added).

Subsection (a) of N.C.G.S. § 7B-1101.1 states that:

(a)  The parent has the right to counsel, and to appointed counsel in cases of indigency, unless the parent waives the right. The fees of appointed counsel shall be borne by the Office of Indigent Defense Services. *When a petition is filed, unless the parent is already represented by counsel, the clerk shall appoint provisional counsel for each respondent parent* named in the petition in accordance with rules adopted by the Office of Indigent Defense Services, shall indicate the appointment on the juvenile summons, and shall provide a copy of the summons and petition to the attorney. *At the first hearing after service upon the respondent parent, the court shall dismiss the provisional counsel if the respondent parent:*
     (1)  *Does not appear at the hearing;*
     (2)  Does not qualify for court-appointed counsel;
     (3)  Has retained counsel; or
     (4)  Waives the right to counsel.
The court shall confirm the appointment of counsel if subdivisions (1) through (4) of this subsection are not applicable to the respondent parent. The court may reconsider a parent's eligibility and desire for appointed counsel at any stage of the proceeding.

N.C.G.S. § 7B-1101.1(a) (emphases added).

The trial court's findings of fact and conclusions of law relating to the pretrial hearing and notice are also clear and unchallenged:

> The Respondent Mother was served by Henderson County Sheriff on July 16, 2021, and upon the filing of this action, was provisionally appointed [an] attorney. . . . Returns of service for each Respondent appear in the court file, and the Notice of Hearing (filed on June 23, 2021) gives proper notice for this hearing.
>
> Neither Respondent was present at the 9:00am calendar call and was not present at the time of the hearing, which began at approximately 9:40am;
>
> The [c]ourt further finds that subject matter jurisdiction, notice of hearing, and personal jurisdiction as to the

Respondents in this matter are proper;

> As to other pre-trial hearing matters, the court notes that . . . neither Respondent has sought to contest the Petition; there are no issues or pre-trial motions raised by any party, no responsive pleading has been submitted by the Respondent (although the court notes that a Motion and Order for extension of time in regards to the Respondent Mother appears in the court file). . . . All service and notice requirements have been met. The provisionally appointed attorneys for each Respondent should be released, despite efforts by the respective attorneys to engage the Respondent parents in the participation of this proceeding.

Given the foregoing, the trial court did not err; the trial court complied with N.C.G.S. § 7B-1108.1(a) and N.C.G.S. § 7B-1101.1(a)(1).

Notably, before the Court of Appeals, respondent-mother did not argue that she lacked notice of the termination hearing. The Court of Appeals, however, construed N.C.G.S. § 7B-1101.1(a)(1) to "presume[ ] that the respondent parent has been given notice of the hearing and, therefore, an opportunity to decide whether to participate in the proceedings" and concluded "there is no evidence in the record that [respondent-m]other *knew* about the hearing." *In re R.A.F.*, 284 N.C. App. at 645. Thus, only now, before this Court, has respondent-mother through her appellate counsel made this allegation. This Court has reiterated many times that "a party to a suit should not be allowed to change his position with respect to a material matter in the course of litigation." *Whitacre P'ship v. BioSignia, Inc.*, 358 N.C. 1, 26 (2004) (quoting *Roberts v. Grogan*, 222 N.C. 30, 33 (1942)) (collecting cases). Further, the Court of Appeals may not address an issue not raised or argued by respondent for

"[i]t is not the role of the appellate courts . . . to create an appeal for an appellant." *Viar v. N.C. Dep't of Transp.*, 359 N.C. 400, 402 (2005); *see also State v. Hart*, 361 N.C. 309, 311 (2007) ("[I]n *Viar*, we held that the Court of Appeals acted improperly when it reviewed issues not raised or argued by the appellant.").

### III.    Conclusion

Since the trial court complied with our legislature's enactments concerning provisional counsel under N.C.G.S. § 7B-1101.1(a)(1) and considered at the pretrial hearings the issues listed in N.C.G.S. § 7B-1108.1(a)(1), we conclude that the Court of Appeals erred by concluding that the trial court erred. Therefore, we reverse the decision of the Court of Appeals and remand for consideration of the remaining argument presented by respondent-mother that the Court of Appeals did not reach.

REVERSED AND REMANDED.

Justice MORGAN concurring in part and dissenting in part.

I fully agree with the majority's conclusion that the Court of Appeals properly exercised its discretion in this matter in order to obtain jurisdiction here in the manner in which it did. However, I must respectfully disagree with my learned colleagues in the majority that the Court of Appeals erred in vacating the trial court's orders and remanding the matter for a new hearing because the lower appellate court determined that the trial court improperly released respondent-mother's provisional counsel in light of the trial court's failure to fully and correctly ascertain statutorily mandated information regarding the parent's absence from the scheduled termination of parental rights hearing prior to the trial court's dismissal of respondent-mother's provisional counsel. The dispositive issue is whether respondent-mother's parental rights to her children may be terminated at a hearing (1) conducted outside of the parent's presence, (2) without any legal representation on the parent's behalf, (3) upon the release of the parent's provisional counsel, (4) without any attempt by the trial court to determine whether the parent had notice of the hearing, and (5) despite the existence of circumstances presented to the trial court by the parent's provisional counsel that the parent received notice of the hearing. Due to the majority's demonstrated and disappointing disregard for fundamental fairness here which is otherwise routinely recognized and protected when an individual's inherently significant parental rights to one's children are being determined, I respectfully dissent and would instead affirm the decision of the Court of Appeals.

This Court has observed that "[i]n order to adequately protect a parent's due process rights in a termination of parental rights proceeding, the General Assembly has created a statutory right to counsel for parents involved in termination proceedings." *In re K.M.W.*, 376 N.C. 195, 208 (2020). When respondent-mother did not appear for the scheduled 15 July 2021 hearing on the petition for termination of parental rights after there had been service only on respondent-mother's attorney and not respondent-mother, the trial court conducted a pretrial hearing at which respondent-mother's provisional counsel was present. During the pretrial hearing, the trial court had the following exchange with respondent-mother's provisional counsel, Kassia Walker:

> THE COURT: Ms. Walker, any contact from your client, ma'am?
>
> MS. WALKER: Your Honor, she reached out to me, initially, when she was served. I did hear from her. She never came into the office for her appointment. She did contact my office and say she was in a treatment facility.
>
> I contacted that facility. She apparently graduated successfully, but has not contacted my office since then. It's been probably April since I heard from her.
>
> THE COURT: Thank you. And so requested then by our legislature, I'll release you at this time.

The majority acknowledges the applicability to this case of the statutory provisions contained in N.C.G.S. § 7B-1101.1(a)(1) and N.C.G.S. § 7B-1108.1(a)(1) and (a)(3). Subsection 7B-1101.1(a) states, in pertinent part:

> At the first hearing *after service upon the respondent*

> *parent*, the court shall dismiss the provisional counsel if
> the respondent parent:
> (1) Does not appear at the hearing[.]

N.C.G.S. § 7B-1101.1(a) (2021) (emphasis added). Subsection 7B-1108.1(a) reads,

again in pertinent part:

> (a) The court shall conduct a pretrial hearing . . . . At the
> pretrial hearing, the court *shall consider* the following:
> (1) *Retention or release of provisional counsel.*
> . . .
> (3) *Whether all summons, service of process, and notice
> requirements have been met.*

N.C.G.S. § 7B-1108.1(a) (2021) (emphases added).

It is clear from the content of these statutory provisions that the trial court is

required to determine at the obligatory pretrial hearing whether all notice

requirements have been satisfied as the trial court considers the appropriateness of

the retention or the release of provisional counsel, with the trial court mandatorily

releasing the provisional counsel at the first hearing after the parent has been served

if the parent does not appear at the hearing. During the trial court's scant colloquy

with respondent-mother's provisional counsel, the attorney related that respondent-

mother had contacted counsel upon initial service and that respondent-mother had

"apparently graduated successfully" from a treatment facility in the interim time

period during which there had been no communication between respondent-mother

and the parent's provisional counsel. While the record plainly shows that respondent-

mother was not served with notice of the 15 July 2021 termination of parental rights

hearing, provisional counsel for respondent-mother could only speculate about the

parent's whereabouts and circumstances as the attorney attempted to offer a comprehensive response to the trial court's limited and narrow inquiry to counsel, "Ms. Walker, any contact from your client, ma'am?"

The trial court's sole question to respondent-mother's provisional counsel was not sufficiently focused upon the issue of notice, as contemplated by N.C.G.S. §§ 7B-1101.1(a)(1) and 7B-1108.1(a)(1) and (3), to provide the requisite information to the trial court to determine whether all notice requirements had been met regarding respondent-mother's knowledge of the 15 July 2021 termination of parental rights hearing so as to be able to responsibly consider the retention or release of provisional counsel, particularly in light of the prospect that if notice of the hearing had not been served upon respondent-mother, then the 15 July 2021 hearing would not have qualified as "the first hearing after service upon the respondent parent" under N.C.G.S. § 7B-1101.1(a)(1) so as to require the trial court's dismissal of the provisional counsel. *See* N.C.G.S. § 7B-1101.1(a).

This omission by the trial court is compounded by its failure to develop the record with further inquiries of respondent-mother's provisional counsel beyond the initial question, including the efforts which counsel had undertaken to alert respondent-mother as to the date of the hearing. This Court has instructed that "before allowing an attorney to withdraw or relieving an attorney from any obligation to actively participate in a termination of parental rights proceeding when the parent is absent from a hearing, the trial court must inquire into the efforts made by counsel

to contact the parent in order to ensure that the parent's rights are adequately protected." *In re K.M.W.*, 376 N.C. at 210 (quoting *In re D.E.G.*, 228 N.C. App. 381, 386–87 (2013)). Ultimately, however, in its written termination of parental rights order, despite no inquiry into whether respondent-mother had notice of the termination of parental rights hearing and no evidence otherwise of such notice in the record, the trial court nonetheless found that "[a]ll service and notice requirements have been met" and "[t]he provisionally appointed attorney[ ] for [respondent-mother] should be released, despite efforts by the . . . attorney[ ] to engage [the respondent-mother] in the participation of this proceeding."

Here, the record on appeal indicates that after respondent-mother was served with the termination of parental rights petition in this case, she communicated her desire to her provisional counsel to contest the petition and to seek extensions of time to respond. The time period of such demonstrated engagement by respondent-mother with this matter correlates with her admission to a substance abuse treatment facility. In my view, such circumstances, when coupled with the cited statutory law, the legal precedent from this Court, and the trial court's lack of adherence to these governing authorities, raise the haunting specter of respondent-mother's lack of notice of the termination of parental rights proceeding and undergird the correctness of the decision of the Court of Appeals.

Accordingly, I respectfully dissent in part.

Justice EARLS joins in this concurring in part and dissenting in part opinion.