IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-564

Filed 5 February 2025

Rockingham County, Nos. 21 JT 167-69

In the Matter of:

D.E.-E.Y., L.E.P., T.R.Y.

Appeal by Respondent-Mother from orders entered 4 March 2024 by Judge Christopher A. Freeman in Rockingham County District Court. Heard in the Court of Appeals 15 January 2025.

*Robert W. Ewing for Respondent-Appellant Mother.*

*Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, L.L.P., by Amelia L. Serrat, for Petitioner-Appellee Guardian ad Litem.*

*No brief filed for Petitioner-Appellee Rockingham County Department of Health and Human Services.*

COLLINS, Judge.

Mother appeals from the trial court's orders terminating her parental rights to her minor children, Larry, Donna, and Tina.[1] Mother contends that the trial court erred by allowing Mother's counsel to withdraw from representing her at the beginning of the termination hearing. Because the record contains no indication that Mother's counsel had made any effort to notify, much less actually notified, Mother

---

[1] We use pseudonyms to protect the identity of minor children. *See* N.C. R. App. P. 42.

of his intention to seek leave of court to withdraw from representing her, the trial court abused its discretion by allowing her counsel's motion. *See In re D.E.G.*, 228 N.C. App. 381, 387 (2013). The termination orders are vacated and the case remanded to the Rockingham County District Court for further proceedings.

## I.   Background

Mother is the biological parent of Larry (born in 2015), Donna (born in 2020), and Tina (born in 2021). On or about 30 October 2021, Rockingham County Department of Health and Human Services ("DHHS") received a neglect report regarding Larry, Donna, and Tina. According to the report, a fourth child of Mother was "observed with marks and bruises on his chest, stomach[,] and sides."[2]

DHHS filed a petition alleging that Larry, Donna, and Tina were abused, neglected, and dependent juveniles. A hearing for nonsecure custody was held on 4 November 2021. At this hearing, Mother was served with a Juvenile Summons and Notice of Hearing, which indicated that attorney James Reaves had been temporarily assigned to represent her. Both Mother and Reaves were present at this hearing. Reaves was present and Mother was absent for a pre-adjudication hearing on 7 December 2021. Both Reaves and Mother were present for another pre-adjudication hearing on 22 December 2021.

The children were adjudicated to be neglected and dependent on 12 January

---

[2] This child has since been placed in the custody of his biological father and is not a subject of this appeal.

2022. A dispositional hearing was held the same day, and the children were ordered to remain in DHHS custody. Reaves and Mother were present for both hearings.

Reaves was present for permanency planning hearings on the following dates: 7 April 2022, 2 June 2022, 29 August 2022, 17 November 2022, 15 December 2022, 19 January 2023, 6 July 2023, and 27 November 2023. Mother was present for the June 2022, August 2022, and January 2023 hearings. A permanency planning hearing was also held on 5 May 2022, at which neither Reaves nor Mother were present.

DHHS filed motions on 12 October 2023 to terminate Mother's parental rights to Larry, Donna, and Tina. A termination hearing was held on 19 February 2024. Reaves was present at the hearing; Mother was not. At the beginning of the hearing, Reaves orally moved to withdraw as Mother's counsel, stating that he had not had contact with Mother in "over a year." Over no objection from opposing counsel and without further inquiry from the trial court, Reaves' motion was allowed.

A DHHS foster care social worker testified at the termination hearing that Mother had made no effort to correct her identified areas of need to successfully reunify with the children. Since 12 October 2023, Mother had not performed any drug screens and had only seen the children in person once. The social worker also expressed concern over the continuing domestic violence disputes between Mother and her fiancée. The children's guardian ad litem testified that it would be in the children's best interests to terminate Mother's parental rights and clear the children

to be adopted. All three children had been living with the same foster family and had formed a bond with the family. The trial court concluded that grounds existed to terminate Mother's parental rights and that termination would be in the children's best interests.

The trial court entered judgments terminating Mother's parental rights to Larry, Donna, and Tina on 4 March 2024. Mother appeals.

## II. Discussion

Mother argues that the trial court erred by allowing her appointed counsel to withdraw on the day of the termination hearing without having notified Mother of his intention to withdraw.

### A. Standard of Review

"A trial court's decision to grant or deny an attorney's motion to withdraw is reviewed on appeal for an abuse of discretion." *In re T.A.M.*, 378 N.C. 64, 71 (2021) (citation omitted). An abuse of discretion results "where the court's ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." *In re T.L.H.*, 368 N.C. 101, 107 (2015) (citation omitted).

### B. Analysis

"Parents have a right to counsel in all proceedings dedicated to the termination of parental rights." *In re L.C.*, 181 N.C. App. 278, 282 (2007) (quotation marks and citation omitted); *see also* N.C. Gen. Stat. § 7B-1101.1 (2023). "After making an

appearance in a particular case, an attorney may not cease representing [their] client in the absence of (1) justifiable cause, (2) reasonable notice to the client, and (3) the permission of the court." *In re D.E.G.*, 228 N.C. App. at 386 (quotation marks, brackets, and citation omitted).

While the trial court has discretion to allow or deny an attorney's motion when there is justifiable cause and prior notice to the client, when an attorney "has given his client no prior notice of an intent to withdraw, the trial judge has no discretion and must grant the party affected a reasonable continuance or deny the attorney's motion for withdrawal." *Id.* (quotation marks and citations omitted).

> As a result, before allowing an attorney to withdraw or relieving an attorney from any obligation to actively participate in a termination of parental rights proceeding when the parent is absent from a hearing, the trial court must inquire into the efforts made by counsel to contact the parent in order to ensure that the parent's rights are adequately protected.

*Id.* at 386-87 (citation omitted).

Here, Reaves was appointed to represent Mother in November 2021, immediately after DHHS filed its petition alleging that the children were abused, neglected, and dependent. Although Mother's attendance at subsequent hearings was inconsistent, Reaves was Mother's counsel of record and represented her from November 2021 until the termination hearing on 19 February 2024. At the beginning of the termination hearing, Reaves orally moved to withdraw as Mother's counsel. Without further inquiry, the trial court allowed the motion. Because the record

contains no indication that Mother's counsel had made any effort to notify, much less actually notified, Mother of his intention to seek leave of court to withdraw from representing her, the trial court abused its discretion by allowing Reaves' motion. *See id.* at 387.

The guardian ad litem contends that the trial court did not err because it acted pursuant to N.C. Gen. Stat. § 7B-1101.1(a), which, it argues, required the trial court to dismiss Reaves as Mother's counsel given her failure to appear at the termination hearing. This same argument has been raised and rejected by this Court in similar situations. *See, e.g., In re D.E.G.*, 228 N.C. App. at 387-88.

When a termination of parental rights petition is filed, "unless the parent is already represented by counsel, the clerk shall appoint provisional counsel for each respondent parent named in the petition[.]" N.C. Gen. Stat. § 7B-1101.1(a). If the respondent parent fails to appear at "the first hearing after service upon the respondent parent, the court shall dismiss the provisional counsel." *Id.*

Here, the guardian ad litem's argument "rests upon the basic legal principle that termination proceedings are independent from any underlying abuse, neglect[,] or dependency proceeding," and assumes that Mother was being represented by provisional counsel at the beginning of the termination hearing. *In re D.E.G.*, 228 N.C. App. at 388 (citation omitted). This assumption, however, is misguided; the appointment of provisional counsel "is unnecessary in the event that the parent is already represented by counsel." *Id.* (quotation marks omitted); N.C. Gen. Stat. §

7B-1101.1(a). At the time DHHS filed its termination of parental rights petition on 12 October 2023, Reaves had been representing Mother for approximately two years. Because Reaves was not provisional counsel at the termination proceeding that Mother failed to attend, the trial court was not required to dismiss Reaves pursuant to N.C. Gen. Stat. § 7B-1101.1(a).

Accordingly, in light of the trial court's erroneous decision to allow Reaves' motion to withdraw from his representation of Mother, the termination order must be vacated and the case remanded to the Rockingham County District Court. On remand,

> the trial court should, after providing [Mother] with adequate notice, conduct a hearing for the purpose of determining the extent, if any, to which [Mother's] trial counsel had attempted to notify [Mother] of his intentions to seek leave of court to withdraw from his representation of [Mother] and whether he had justifiable cause for making that request. In the event that adequate notice was given to [Mother] and in the event that [Mother's] trial counsel had justifiable cause for being relieved of any obligation to continue representing [Mother], the trial court should allow the withdrawal motion and reinstate the termination order[s], with [Mother] having the right to seek appellate review of the trial court's determination with respect to [her] trial counsel's withdrawal motion by noting an appeal from the reinstated termination order[s]. If the trial court determines that [Mother's] trial counsel did not provide his client with adequate notice of his intention to seek leave of court to withdraw from his representation of [Mother] or that [Mother's] trial counsel failed to show adequate justification for the allowance of that request, the trial court should conduct a new termination hearing and enter [] new order[s] addressing the issues raised by the [DHHS] termination [motions].

*In re D.E.G.*, 228 N.C. App. at 389.

## III.    Conclusion

The trial court abused its discretion by allowing Mother's counsel to withdraw because Mother's counsel neither provided actual notice nor attempted to provide notice of his intention to withdraw from Mother's representation.  Accordingly, the termination orders must be vacated and the case remanded to the Rockingham County District Court for further proceedings.

VACATED AND REMANDED.

Judge ARROWOOD concurs by separate opinion.

Judge STADING dissents by separate opinion.

No. COA24-564 – *In re: D.E.-E.Y., L.E.P., T.R.Y.*

ARROWOOD, Judge, concurring.

I concur fully with the opinion that the judgment must be vacated because the record is devoid of evidence of what, if any, efforts appointed counsel made to contact the appellant prior to being allowed to withdraw from representation.

I write separately, however, to note that in my opinion, the Record contains sufficient evidence to support findings and conclusions that the appellant has failed to be involved with her children's lives to the extent that parental rights would be subject to termination. "[A]n adjudication of any single ground in N.C.G.S. § 7B-1111(a) is sufficient to support a termination of parental rights." *In re A.S.D.*, 378 N.C. 425, 428 (2021) (quoting *In re E.H.P.*, 372 N.C. 388, 395 (2019)). Here, the trial court found that grounds for termination existed pursuant to N.C.G.S. § 7B-1111(a)(1), (2), and (6). Although the result of this appeal is determined by the issue of representation, respondent-mother's failure to take the steps necessary to make adequate progress on her case plan with DSS to remedy the issues of neglect and dependency, together with her failure to attend the court dates regarding the children's future, would in other circumstances be sufficient to support termination of parental rights.

STADING, Judge, dissenting.

*In re T.A.M.* instructs us to consider the trial court's actions not only through the lens of whether it "respected the sanctity of [a parent's] statutory right to counsel," but also whether "it reasonably balanced and honored the purpose and policy of this State to promote finding permanency for the juvenile at the earliest possible age and to put the best interest of the juvenile first where there is a conflict with those of a parent." 378 N.C. 64, 75, 859 S.E.2d 163, 170 (2021) (citing N.C. Gen. Stat. § 7B-1100(2)–(3) (2019)). An application of this standard leads me to dissent from the majority opinion.

This case is marked by Mother's lack of participation and persistent absence. "[S]uch cases as these are fact-specific and hence dependent on the unique facts. . . ." *In re T.A.M.*, 378 N.C. at 74, 859 S.E.2d at 170. Here, Mother made minimal efforts to correct her identified areas of need to successfully reunify with her children. She did not attend permanency planning hearings in April 2022, November 2022, December 2022, July 2023, or November 2023. Nor had Mother submitted to any drug screens since January 2023. In fact, as a result of a positive drug screen on 29 November 2022, Mother's unsupervised visits with the children were terminated. To that end, Mother also has not consistently participated in visitation. For example, from July 2023 to November 2023, Mother was "offered four possible visits with the children and [she] only exercised one . . . ."

In its order, the trial court found that the attorney "made a preliminary motion to withdraw as attorney of record . . . due to lack of contact as [the attorney] has not had contact with [Mother] in close to a year and [the attorney] has no updated contact information on [Mother]." The attorney indicated his ability to "advocate" was frustrated by Mother's lack of communication over the course of the previous year. *See Dunkley v. Shoemate*, 350 N.C. 573, 578, 515 S.E.2d 442, 445 (1999) ("[A] lawyer cannot properly represent a client with whom he has no contact."). Thus, the trial court faced a dilemma of either leaving an attorney in place who could not provide effective assistance, continuing the matter and appointing another attorney which would further delay the proceedings, or releasing the attorney unable to provide effective assistance and moving forward with the hearing. *See id.* at 577–78, 515 S.E.2d at 445. Given its choices, the trial court "put the best interest of the juvenile first where there [was] a conflict with those of [the] parent" and did not abuse its discretion. *In re T.A.M.*, 378 N.C. at 75, 859 S.E.2d at 170. I would thus affirm the trial court's termination order.